[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUN OF DECISION
CT Page 15982
On January 21, 2000, the plaintiff, Homeside Lending, Inc., commenced this foreclosure action naming as defendants, Edward A. and Saundra L. Collins, Conseco Financial Servicing Corp., Waterbury Hospital and Webster Bank.
In the complaint, the plaintiff alleges that the defendants Edward and Saundra Collins executed and delivered a note on March 25, 1994, in the amount of $99,750. As the basis for its action, the plaintiff alleges that the Collinses (defendants) defaulted in the repayment of the note and that the plaintiff, "as the owner and holder of [the mortgage and the note] . . . elected to accelerate the balance due on said [n]ote, [and] to declare said [n]ote to be due in full. . . ." The plaintiff seeks a foreclosure of the mortgage and other relief.
On March 13, 2000, the defendants filed their answer and special defense. The special defense alleged that "timely payment was made by defendants Edward and Saundra Collins to the plaintiff which satisfied the debt. . . ." Subsequently, on April 19, 2000, the plaintiff filed a motion to strike the defendants' special defense, arguing that the special defense failed to satisfy Practice Book § 10-50 and that it states a legal conclusion. For the reasons set forth in the plaintiff's motion to strike, this court, granted the motion on May 9, 2000.
On June 8, 2000, the defendants filed both a motion for leave to amend their answer and special defenses and an amended answer and special defenses. On June 26, 2000, the plaintiff filed an objection to the defendants' motion for leave to amend. On July 31, 2000, this court, sustained the plaintiff's objection.
On August 4, 2000, the plaintiff filed a motion for summary judgment as to liability only, asserting that there are no genuine issues of material fact. On August 21, 2000, the defendants filed an objection to the motion, claiming the existence of genuine issues of material fact. Both the plaintiff and the defendants have subsequently filed supplemental memoranda of law in support of their motion and objection, respectively.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v.Pomes, 247 Conn. 442, 452, 724 A.2d 481 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] CT Page 15983 material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 386,752 A.2d 503 (2000)
In order to make out a prima facie case in a foreclosure action, the plaintiff must "prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the defendant has] defaulted on the note." Webster Bank v. Flanagan, 51 Conn. App. 733, 750-51,725 A.2d 975 (1999) Furthermore, a "foreclosure complaint must contain certain allegations regarding the nature of the interest being foreclosed. These should include allegations relating to the parties and terms of the operative instruments, the nature of the default giving rise to the right to foreclosure, the amount currently due and owing, the name of the record owner and of the party in possession, and appropriate prayers for relief." (Internal quotation marks omitted.) New EnglandSavings Bank v. Bedford Realty Corp., 246 Conn. 594, 610, 717 A.2d 713
(1998).
In its motion for summary judgment, the plaintiff asserts that there are no genuine issues of material fact as to liability and moves for summary judgment as to liability only. Along with other evidentiary documents in support of its motion, the plaintiff submitted an affidavit of John C. McCreary, vice president of Homeside Lending. In the affidavit, McCreary states that the defendants were in default under the terms of the note, and were duly notified of such default. The plaintiff also included a copy of the letter from the plaintiff dated November 11, 1999, advising the defendants that their payments were past due and failure to cure within thirty days would result in acceleration and foreclosure of the property.
Clearly, the plaintiff has presented sufficient evidence showing that it is the owner of the note and mortgage, that the defendants have defaulted on the note, and that the plaintiff is entitled to foreclosing on the mortgage.
In opposition to the plaintiff's motion, the defendants argue that there are genuine issues of material fact as to their obligation under the note and the mortgage. Specifically, the defendants assert, in an affidavit of the defendant Edward Collins, that in March, 1997, they tendered $875 on the note, but were only credited for $375. In addition, the defendants submitted a copy of a letter from the plaintiff, dated August 31, 1999, seeking payment to cure a mismanaged check and also submitted uncertified personal bank records. In light of the evidence, CT Page 15984 the defendants argue that genuine issues of material fact exist as to whether they had made timely payment of the mortgage.
The plaintiff argues that the defendants have failed to controvert its evidence and have thus failed to show the existence of genuine issues of material fact. In its supplemental memorandum of law, the plaintiff argues further that the evidence presented by the defendants in their objection is inadmissible because the defendants are effectively reasserting their "legally insufficient special defenses, which were previously stricken by this [c]ourt."
Pursuant to Practice Book § 10-50, "[n]o facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue." Practice Book § 10-50. "Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged." Id. Accordingly, the defense of "payment (even though nonpayment is alleged by the plaintiff) . . . must be specially pleaded." Id. "If a defense must be specially pleaded under Practice Book §10-50, the failure to do so renders any evidence on the subject inadmissible." Citicorp v. Imbruce, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 730369 (March 15, 2000, Hickey,J.), citing DuBose v. Carabetta, 161 Conn. 254, 258-62, 287 A.2d 357
(1971); see also Fleet Mortgage v. Akavalos, Superior Court, judicial district of New London at New London, Docket No. 539966 (February 16, 2000, Martin, J.); Norwest Mortgage, Inc. v. Cook, Superior Court, judicial district of New London at New London, Docket No. 546601 (February 15, 2000, Martin, J.) ("the defendants may not rely on payment as a defense, as it has already waived that defense by failing to specifically plead it")
In Citicorp v. Imbruce, supra, Superior Court, Docket No. 730369, the court concluded that because "all of the defendants' special defenses, including the defense of payment, were stricken, . . . [t]he defendants, therefore, have not specially pleaded the defense of payment." Because of the defendants' failure to comply with Practice § 10-50, the court disallowed the admission of the defendants' affidavit proving payment and granted the plaintiff's motion for summary judgment. Citicorp v.Imbruce, supra, Superior Court, Docket No. 730369.
Similarly, because their special defense was stricken, the defendants in this case have not specially pleaded the defense of payment pursuant to Practice Book § 10-50. Under the holding of Citicorp, NorwestMortgage and Fleet Mortgage, the failure to specially plead the defense of payment precludes the defendants here from proffering evidence demonstrating that they submitted timely payments. In the absence of a CT Page 15985 special pleading of payment, the court cannot consider any evidence showing payment.
Consequently, the plaintiff's motion for summary judgment is granted because the plaintiff has satisfied its burden of showing the absence of any genuine issue of material fact and its entitlement to judgment as a matter of law, and because the defendants have failed to satisfy their burden of proving that there are genuine issues of material fact.
THOMAS G. WEST, J.